UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TYESHA ISOM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 1:22-cv-03262 (UNA) |
| v. | ) |
| | ) |
| ANTONY BLINKEN, et al.,  ` | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

This matter is before the court on its initial review of Plaintiff's *pro se* complaint, ECF No. 1, and application for leave to proceed *in forma pauperis*, ECF No. 2.  The court will grant the *in forma pauperis* application and dismiss the case pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

"A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A complaint that lacks "an arguable basis either in law or in fact" is frivolous, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and a "complaint plainly abusive of the judicial process is properly typed malicious," *Crisafi v. Holland*, 655 F.2d 1305, 1309 (D.C. Cir. 1981).

Here, Plaintiff, a resident of Denton, Texas, sues several federal officials and diplomats. The complaint is vague, rambling, and mostly incomprehensible.  It consists, in large part, of Plaintiff's thoughts and observations regarding Mexico and its relationship to the United States. Plaintiff, who seemingly purports to be a security operative, as far as the Court can understand, believes that the United States has formed some sort of relationship with the government of Mexico, its Former Secretary of Public Security, Genaro García Luna, Mexican immigrants, and

others, to provide security to citizens and officials of the United States. She is troubled because she contends that this purported security arrangement consists of a Mexican cartel and many other wrongdoers who are personally targeting her, and also committing various crimes across the United States. From there, the complaint deviates into a discussion of Mexico's alleged conspiracy to interfere with the contracts and general well-being of various NFL players, with whom Plaintiff claims to have a personal and professional relationship. She seeks millions in damages.

The court cannot exercise subject matter jurisdiction over a frivolous complaint. *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974) ("Over the years, this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.'") (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904)); *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009) (examining cases dismissed "for patent insubstantiality," including where the plaintiff allegedly "was subjected to a campaign of surveillance and harassment deriving from uncertain origins."). A court may dismiss a complaint as frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible," *Denton v. Hernandez*, 504 U.S. 25, 33 (1992), or "postulat[e] events and circumstances of a wholly fanciful kind," *Crisafi*, 655 F.2d at 1307–08. The instant complaint satisfies this standard.

Consequently, the complaint is dismissed without prejudice. A separate order accompanies this memorandum opinion.

DATE: November 28, 2022                     ____/s/_____
                                            JAMES E. BOASBERG
                                            United States District Judge